FILED
AUG 21 2014
[Clerk signature]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES RAY BADGER, | ) | Civ. 13-4139-LLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARY MATOYA, | ) | ORDER GRANTING MOTION |
| Native Cultural Coordinator, | ) | TO DISMISS |
| South Dakota State Penitentiary; and | ) | |
| MARY BURGGRAAF, | ) | |
| Unit Coordinator, South Side, | ) | |
| South Dakota State Penitentiary, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Charles Ray Badger, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Badger filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Defendants Mary Montoya[1] and Mary Burggraaf. Docket 1. On March 14, 2014, the Court directed service of Badger's complaint. Docket 8. Now pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket 12. Badger opposes the motion. Docket 14. For the reasons set forth below, the Court grants Defendants' motion to dismiss.

### STANDARD OF REVIEW

In considering dismissal pursuant to Rule 12(b)(6), "the court must accept all well-pleaded allegations of the complaint as true, and all reasonable inferences therefrom must be construed favorably to the pleader." *McCormack v. Citibank, N.A.*, 979 F.2d 643, 646 (8th Cir. 1992) (citation omitted). "The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand*

---

[1] Badger named Mary Matoya as a defendant in his original complaint. Docket 1. In their motion to dismiss, however, Defendants refer to Mary Montoya. Docket 12. The Court assumes that "Montoya" is the correct spelling of the individual named in Badger's complaint, and the Court will therefore use "Montoya" throughout this order. Nonetheless, the caption will remain unchanged.

*Forks*, 614 F.3d 495, 497–98 (8th Cir. 2010) (citation omitted); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1371, at 276 (2004) ("Conversion . . . will not occur with regard to all matters subject to judicial notice and things that are central or integral to the nonmoving party's pleading."). The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

Badger claims that defendants violated his right to due process under the Fourteenth Amendment by filing a false disciplinary report against him and thereby affecting his parole eligibility. Docket 1 at 3. To remedy this alleged constitutional violation, Badger requests that the Court grant him parole and award him $250,000 in damages for the distress and anxiety that he has experienced as a result of the alleged conduct. *Id.* at 3–4. Defendants, on the other hand, argue that Badger has failed to state a claim upon which relief may be granted. Docket 14.

First, insofar as Badger requests injunctive relief, the Court notes that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms

of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citation omitted). Therefore, to the extent Badger asks the Court to grant him parole, the Court finds that Badger has failed to state a claim upon which relief may be granted under § 1983. Badger's sole remedy with regard to parole is a writ of habeas corpus.

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). Badger has brought this action against Defendant Montoya in her official capacity as the "native cultural coordinator" at SDSP. Docket 1 at 2. As Defendants have asserted, this court has previously recognized, and Badger has not disputed, Montoya is a "volunteer in the religious and cultural activities program at [SDSP]." Docket 13 at 2–3 (citing *Native Am. Council of Tribes v. Weber*, 897 F. Supp. 2d 828, 831 (D.S.D. 2012)). As such, Montoya does not have the authority to act under color of state law, and thus cannot be held liable under § 1983. The Court therefore finds that Badger has failed to state a claim upon which relief may be granted against Montoya.

Badger similarly brought this action against Defendant Burggraaf in her official capacity as the Unit Coordinator at SDSP. Docket 1 at 2. As the United States Supreme Court has held, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, it is a suit against the State. Although "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivation of civil liberties." *Id.* at 66. "The Eleventh Amendment bars such suits unless the State has waived its immunity." *Id.* (citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472–73 (1987)). Here, the State has not waived its immunity. Accordingly, insofar as Badger seeks to hold Defendant Burggraaf liable for violations committed while acting in her official capacity, the Court finds that Badger has failed to state a claim upon which relief may be granted. Accordingly, it is

ORDERED that Defendants' motion to dismiss (Docket 12) is granted.

Dated this **21st** day of August, 2014.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: *[signature]*
Deputy